**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORRAD M. GHONIM,

            *Petitioner-Appellant,*

v.

RAYMOND MADDEN,

            *Respondent-Appellee.*

No.   21-55485

D.C. No. 2:19-cv-08614-GW-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 17, 2022
Pasadena, California

Before:  MILLER and COLLINS, Circuit Judges, and KORMAN,[**] District Judge.

      Morrad M. Ghonim appeals from the judgment of the district court denying his habeas corpus petition challenging his conviction for the first-degree murder of his wife Vicky.  The murder occurred in July 1992.  On the evening of the murder, Ghonim and Vicky went to Creek Park in La Mirada, California, with their six-

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

month-old baby. A man named Leon Martinez shot Vicky five times while she was in the car, and he was convicted of her murder. In exchange for a shorter sentence, Martinez testified at Ghonim's 2016 trial that Ghonim hired him to murder Vicky. Ghonim, who did not testify at trial, argued that, contrary to Martinez's testimony, the shooting was not a premeditated murder. Instead, he claimed that the shooting occurred spontaneously after Martinez and some gang members started cat-calling Vicky at the park.

In support of this theory, Ghonim sought to offer evidence that Martinez was a gang member. Martinez disclaimed any gang membership, and the trial judge declined to admit extrinsic evidence that Martinez was a gang member on the grounds, *inter alia*, that the evidence was irrelevant and cumulative of other evidence of Martinez's violent disposition.

After the jury found Ghonim guilty, he filed a direct appeal, in which he argued that: (1) the trial court violated his right to present a defense by excluding extrinsic evidence that Martinez was a gang member; (2) the trial court erred by denying his request to excuse a juror for cause; and (3) the trial court erred by admitting prejudicial statements from his ex-wife Nisreen Alfaleh. The California Court of Appeal rejected these claims. *See People v. Ghonim*, 2018 WL 1465823 (Cal. Ct. App. Mar. 26, 2018). The California Supreme Court summarily denied review. Ghonim then filed this 28 U.S.C. § 2254 petition. The district court rejected

2

each of the forgoing claims but issued a certificate of appealability only as to the issue of the exclusion of extrinsic evidence of Martinez's gang membership. We affirm this holding and deny Ghonim's motion for a certificate of appealability as to the other two issues.

On direct appeal, the California Court of Appeal held that the trial judge properly excluded the extrinsic evidence that Martinez was a gang member because the probative value of attempting to prove that Martinez was a gang member was slight and the "line of questioning would lead to undue consumption of time on 'extraneous issues.'" *Ghonim*, 2018 WL 1465823 at \*8. The California Court of Appeal held that the exclusion of this evidence did not violate Ghonim's constitutional right to present a defense. *Id.* And Ghonim had not shown that "there [was] a reasonable probability the verdict would have been different had the trial court allowed him to try to prove Martinez was a gang member at the time of the murder." *Id.* (citing *People v. Boyette*, 58 P.3d 391, 421 (Cal. 2002)). Ghonim argues on appeal that both prongs of this holding were erroneous.

1. Ghonim's argument on the merits cannot survive the standard of review that applies to "the availability of federal habeas relief" for "claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington v. Richter*, 562 U.S. 86, 92 (2011). Under that standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could

3

disagree on the correctness of the state court's decision." *Id.* at 101 (internal quotation marks and citation omitted). Mere disagreement with a state court's determination, however, is not sufficient.

Our review of the record persuades us that the state court reasonably concluded that Ghonim's ability to present his defense that Martinez acted spontaneously was not significantly impaired by the exclusion of evidence that Martinez was, in fact, a gang member. Martinez testified that he associated with gang members, including on the day of the murder, and that, based on their clothing, he saw gang members in the park on the day of the murder. Thus, Ghonim's version of events—that the shooting was precipitated by a confrontation with gang members in the park—was not foreclosed by the exclusion of that evidence. And evidence of gang membership was cumulative of other evidence introduced to prove Martinez's predisposition for violence.

2. Moreover, Ghonim has failed to show that the exclusion of evidence of Martinez's gang membership, even if erroneous, had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (citation omitted); *see Fry v. Pliler*, 551 U.S. 112, 121–22 (2007). The evidence at trial strongly supported the inference that Vicky's murder was premeditated and had nothing to do with Martinez's alleged gang membership. For example, Martinez was dressed to kill—he wore two sets of clothing to a park

in the middle of July and discarded one layer in the bushes after fleeing the scene. Indeed, when asked why he wore two sets of clothes, Martinez testified that it was "[b]ecause [he] was going to commit a murder." Thus, Ghonim cannot show that the exclusion of the evidence of Martinez's gang membership had an injurious effect on the jury's verdict.

3. Ghonim moves for a certificate of appealability with respect to the two issues that the district judge declined to certify. To merit a certificate of appealability, Ghonim must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ghonim fails to meet this standard for either issue, and we deny his motion.

First, Ghonim argues that he was deprived of his right to an impartial jury when the trial court refused to excuse a juror for cause and that the California Court of Appeal's decision deferring to that ruling was unreasonable. This claim challenges the trial judge's assessment of the credibility of the prospective juror, to which the Court of Appeal deferred. *Ghonim*, 2018 WL 1465823 at *10. Such a finding is "presumed to be correct," and Ghonim has failed to rebut it "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Second, Ghonim challenges the admission of his ex-wife's testimony that he had threatened to hurt her if she sought a divorce and, alluding to the hiring of Martinez, that "[i]t cost me [$]500 then, it won't cost me much now." These

5

statements were inextricably intertwined with his admission that he paid money to have Vicky killed. This testimony was highly relevant, *see Estelle v. McGuire*, 502 U.S. 62, 69–70 (1991), and its admission did not "violate[] 'fundamental conceptions of justice,'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). Nothing in the federal Due Process Clause prohibited the California Court of Appeal from concluding that the challenged testimony did not come within the marital communications privilege under California law because Ghonim could not have entertained any expectation that these statements would have remained private and that his wife was not free to disclose them. *See People v. Bryant*, 334 P.3d 573, 647–48 (Cal. 2014); *see also United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992).

**AFFIRMED.**